IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Case No. 04-cr-00493-WYD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JAMES C. GALLEGOS,

    Defendant.

**ORDER**

    THIS MATTER came before the Court on a supervised release violation hearing on Wednesday, March 3, 2010. Addressed at the hearing were Defendant's arguments in his Response to Violation Report that the Probation Department's finding that the advisory guideline range for the supervised release violation is eight to fourteen months custody and up to three years of supervised release, less any term of imprisonment, would constitute an illegal sentence. The Government filed a reply in opposition to Defendant's Response on March 2, 2010. For the reasons stated on the record and in this Order, Defendant's arguments in his Response are accepted in part and rejected in part as fully explained herein.

    1.    <u>Whether the Post-Revocation Prison Sentences Should Be Aggregated and Subtracted from the Two Year Limit on Imprisonment, Resulting in a Maximum Sentence of Three Months</u>

    Defendant first argues in his Response to Violation Report that the maximum jail term that can be imposed is three months, not eight to fourteen months as stated by the

Probation Department's Violation Report. Defendant argues that the three month period of imprisonment applies because all post-revocation prison sentences relating to the same offense should be aggregated and subtracted from the two year limit on imprisonment for Class C and D felonies applicable to this case. Defendant cites authority in his response that supports this argument. *See United States v. Kelley*, 359 F.3d 1302, 1303 n. 1 (10th Cir. 2004) (all revocation sentences relating to the same underlying felony must be aggravated in calculating the two year sentence); *United States v. Swenson*, 289 F.3d 676, 677 (10th Cir. 2002) (same); *see also United States v. Jackson*, 329 F.3d 406 (5th Cir. 2003) (two year maximum term of imprisonment for felon whose term of supervised release is revoked applies on cumulative basis, not separately to each time supervised release is revoked).

However, I find that those cases are not controlling. The statute at issue, 18 U.S.C. § 3583(e)(3), which governs the maximum term of imprisonment that may be imposed when the district court revokes a defendant's supervised release and was relied on in those cases, was amended in 2003 by the PROTECT Act. *See United States v. Knight*, 580 F.3d 933, 936 (9th Cir. 2009). The cases relied on by Defendant were either decided pre-amendment or, as to the *Kelley* case, did not address the new language added by the amendment. Indeed, *Kelley* cited to the older version of the statute and relied for its finding on the *Swenson* case, decided before the amendment. *Id.* at 1303 n. 1. Further, Kelley was before the Tenth Circuit because of the district court's imposition of an eighteen-month term of imprisonment in connection with a second violation of the conditions of Kelley's supervised release. *Id.* at 1303. Kelly was sentenced to nine months for the original offense, followed by an additional six months

for the initial supervised release violation (fifteen months total), even before the sentencing for the second supervised release violation. Given that time frame, the offense at issue in that case would have occurred well before the amendment to § 3583(e)(3) and the amendment would thus not have been applicable.

Section 3583(e)(3), as amended, states that the court may:

> revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve *on any such revocation* more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

18 U.S.C. § 3583(e)(3) (emphasis added). The statute was amended only to add the italicized words above stating "on any such revocation."

Under § 3583(e)(3) the maximum term of imprisonment that Defendant can receive upon revocation of his supervised release is two years. Section 3583(e)(3) as amended is silent, however, regarding whether the district court is required to subtract the aggregate length of prior imprisonment terms imposed upon revocation of supervised release when calculating the statutory maximum for subsequent revocations. As stated previously, under the law pre-amendment, the courts held that aggregation of the offenses was appropriate. *See Jackson*, 329 F.3d at 407-08 (collecting cases). However, post-amendment, the Circuits that have considered the issue (which do not include the Tenth Circuit) hold that the revocation offenses no longer need to be

aggregated; that is, that imprisonment for each revocation violation can be up to the maximum term, in this case two years.

As explained by the Ninth Circuit in *Knight*:

> The 2003 Amendment, however, significantly altered the text of § 3583(e)(3). Indeed, it is clear that Congress intended to ensure that a district court is no longer required to reduce the maximum term of imprisonment to be imposed upon revocation by the aggregate length of prior revocation imprisonment terms.
>
> . . .
>
> Although the addition of the phrase "on any such revocation" was the only change to § 3583(e)(3), the impact of this revision is substantial. The amended language of § 3583(e)(3) now explicitly states that the statutory maximum term of imprisonment (in Knight's case twenty-four months) applies "on any such revocation." Accordingly, under the amended version of § 3583(e)(3) it is clear that defendants are not to be credited for prior terms of imprisonment imposed upon revocation of their supervised release.

*Knight*, 580 F.3d at 937-38.

*Knight* also noted that "[e]ach of our sister circuits to address this issue has come to the same conclusion. *Id.* at 938 (citing *United States v. Tapia-Escalera*, 356 F.3d 181, 188 (1st Cir. 2004) ("Congress has altered the statute to adopt the government's position" that the statutory cap applies to each revocation); *United States v. Lewis*, 519 F.3d 822, 824 (8th Cir. 2008) (the plain language of § 3583(e)(3) permitted imposition of a two year term of imprisonment for a class C felony "without the need to consider or aggregate the prison term for [the] first revocation."); *United States v. Williams*, 425 F.3d 987, 989 (11th Cir. 2005) ("Congress did eventually amend § 3583(e)(3) so that the statutory caps now explicitly apply to each revocation of supervised release."). While the government relies on a post-amendment opinion from another District, *United States*

*v. Lewis*, 504 F. Supp. 2d 708 (W.D. Mo. 2007), I find that case unpersuasive in light of the thorough and well-reasoned Circuit Court opinions.

Accordingly, I agree with and adopt the rationale of *Knight* and the other Circuit cases discussed above and find that the plain language of the amendment now suggests that the two year maximum term of imprisonment applies to each revocation. Accordingly, I reject the argument by Defendant that the twenty-one month period of imprisonment for the prior revocation must be subtracted from the twenty-four month period that can be imposed, resulting in a maximum term of imprisonment of three months. Instead, I agree with the Probation Department that the advisory guideline range for the offense at issue is eight to fourteen months of custody. As stated on the record at the hearing, I imposed a sentence of eight months custody.

    2.    <u>Whether Any Period of Supervised Release Imposed After a Term of Imprisonment Must Be Reduced by that Term</u>

Defendant also argues that any period of supervised release imposed to follow a term of imprisonment (which in this case can be up to three years), must be reduced by the term of imprisonment for all revocations. I find merit to this argument.

The statute at issue, 18 U.S.C. § 3593(h), states:

> When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less *any term of imprisonment that was imposed upon revocation* of supervised release.

18 U.S.C. § 3583(h) (emphasis added). The second sentence of the statute which is

the pertinent section addressing the length of a term of supervised release was not altered or impacted by the 2003 amendment.  *See Knight*, 580 F.3d at 939.

While Defendant has cited no Tenth Circuit case on this issue, I find that the plain language of the statute supports his argument, as recognized by the Circuits that have considered the issue.  *Id*. at 939-940; *United States v. Vera*, 542 F.3d 457, 460 (5th Cir. 2008); *United States v. Maxwell*, 285 F.3d 336, 341 (4th Cir. 2002); *United States v. Brings Plenty*, 188 F.3d 1051, 1054 (8th Cir. 1999).  As explained by the Fourth Circuit:

> When the word "any" is properly read in its § 3583(h) statutory context, *Webster's Third New International Dictionary* provides that the word "any" means "all." *See id.* at 97 (2d ed.1981). Specifically, *Webster's Third New International Dictionary* provides that when the word "any" is "used as a function word to indicate the maximum or whole of a number or quantity," for example, "give me [any] letters you find" and "he needs [any] help he can get," the word "any" means "all." *Id*. Here, the word "any" in the phrase "less *any* term of imprisonment that was imposed upon revocation of supervised release," § 3583(h) (emphasis added), is obviously used as a function word to indicate the maximum or whole of a number or quantity just as the word "any" is used in the dictionary examples quoted above.

*Maxwell*, 542 F.3d at 341.

Based on these observations, *Maxwell* held the "the plain meaning of the phrase 'less any term of imprisonment that was imposed upon revocation of supervised release' in § 3583(h) is that the prison term in the current revocation sentence, together with all prison time imposed under any prior revocation sentence or sentences, must be aggregated."  *Id*.  The legislative history to the amendments to § 3583 have also been found to support this interpretation.  *Id*. (citing cases); *see also Knight*, 580 F.3d at 940.

I find that these cases are well reasoned and adopt their findings.  Accordingly, I find that all terms of imprisonment from revocations (twenty-one months for the prior revocation violation combined with the eight month sentence imposed for the current

revocation, totaling twenty-nine months) must be deducted from the three year (thirty-six month) term of supervised release.  This means that the maximum term of supervised release that can be imposed is seven months.  As stated on the record at the hearing, I sentenced Defendant to the full seven month term of supervised release.

In conclusion, for the reasons stated above, it is

ORDERED that Defendant's arguments in his Response to Violation Report are **ACCEPTED IN PART AND REJECTED IN PART** as stated in this Order.

Dated:  March 10, 2010

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge